UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

LESLIE COOPER,
JACK COOPER, and
ERIK COOPER,

    Plaintiffs,
vs.

CHICK-FIL-A, INC.,

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiffs Leslie Cooper, Jack Cooper and Erik Cooper, by and through their undersigned counsel, hereby sue Defendant Chick-fil-A, Inc. for injunctive relief pursuant to 42 U.S.C. §§ 12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and allege the following:

## JURISDICTION

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.  Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the State of Florida, Southern District of Florida.

## PARTIES

3.  Plaintiff Leslie Cooper (also referenced as "Leslie Cooper," or collectively with co-Plaintiffs as "Plaintiffs") was (and is currently) a resident of the State of Florida, resides within the Southern judicial district, is the legal spouse of co-Plaintiff Jack Cooper, is the

biological mother of co-Plaintiff Erik Cooper, and suffers from a "qualified disability" under the ADA as defined in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Due to her disability, Leslie Cooper has been issued a state of Florida disability parking placard. Leslie Cooper is afflicted with the disease Amyotrophic Lateral Sclerosis (ALS) and utilizes a ventilator and oxygen tank when traveling and also uses a wheelchair for mobility. Leslie Cooper's disability limits her major life activities, she requires the assistance of an aid for her daily functions and relies on her husband (Plaintiff Jack Cooper) and her son (Plaintiff Erik Cooper) to transport her when she goes shopping or when she dines at restaurants.

4. Plaintiff Jack Cooper (also referenced as "Jack Cooper," or collectively with co-Plaintiffs as "Plaintiffs") was (and is currently) a resident of the State of Florida, resides within the Southern judicial district, is the legal spouse of co-Plaintiff Leslie Cooper, is the biological father of co-Plaintiff Erik Cooper and suffers from a "qualified disability" under the ADA as defined in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Due to his disability, Jack Cooper has been issued a state of Florida disability parking placard. Jack Cooper is disabled due to a back injury which limits his major life activities.

5. Plaintiff Erik Cooper (also referenced as "Erik Cooper," or collectively with co-Plaintiffs as "Plaintiffs") was (and is currently) a resident of the State of Florida, resides within the Southern judicial district, is the biological son of co-Plaintiffs Leslie Cooper and Jack Cooper. Erik Cooper has been disabled since 2007, utilizes a cane for mobility and has been issued a disability parking placard. Erik Cooper's disability is defined in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6. Jack Cooper provides daily aide and assistance to Leslie Cooper. Erik Cooper regularly assists Leslie Cooper with her daily activities which include transporting her to places of public accommodation such as shopping centers, medical offices, and eating establishments.

7. Defendant Chick-fil-A, Inc. ("Defendant") is a privately held company which is the owner of the "Chick-fil-A," a fast food restaurant chain whose specialty is chicken sandwiches. The "Chick-fil-A" brand is the third largest fast food restaurant chain in America, which has 2,363[1] locations and gross revenue of $10.5 billion in 2018.

**FACTS**

8. Defendant is authorized to conduct, and is conducting, the business of operating a Chick-fil-A fast food restaurant located at 12203 Pines Boulevard, Pembroke Pines, Florida, which is within the jurisdiction of this court.

9. Defendant's Chick-fil-A restaurant is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as: "[A] restaurant, bar, or other establishment serving food or drink." The Chick-fil-A restaurant is referenced throughout as "Chick-fil-A," "restaurant," or "place of public accommodation."

10. As the operator of a restaurant which is open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B), 28 C.F.R. §36.104.

11. The Chick-fil-A restaurant contains a parking lot, which parking is available for the general public patrons of the restaurant. The parking lot was originally designed, constructed, and marked to provide for two disabled accessible parking spaces.

---

[1] Ravneberg, Christie (June 25, 2919) "Inside Chick-fil-A's rise to 3rd-largest restaurant brand"  Nations Restaurant News.

12. At some point in 2019, Defendant re-designed the Chick-fil-A restaurant's drive-thru lane so that the path of the drive through cuts off the availability of the only two disabled accessible parking spaces to disabled patrons of the restaurant.

13. Since re-designing its drive-thru lane, Defendant has not redesigned remaining portions of the parking lot to accommodate disabled individuals who have valid handicapped parking placards.

14. Disabled individuals who have valid handicapped parking placards (such as the Plaintiffs) are unable to access the disability parking spaces because of delineator stanchions and parking cones set up to delineate the drive-thru lane which cut off disabled patrons use of the spaces. A further obstruction is caused by Defendant's employees standing within the drive-thru lane taking customers' orders from a line of vehicles waiting in the drive-thru lane for drive-thru 'to go' orders. These obstructions are depicted at Fig. 1:



Fig. 1

15. The popularity of the restaurant particularly during the lunch and dinnertime time periods (when Plaintiffs have patronized the restaurant) has led to a plethora of automobile

traffic which results in the newly-designed drive through line blocking disabled patrons' ability to park in the only two disability parking spaces, as depicted at Fig. 2:



Fig. 2

16. Furthermore, portable carts, air conditioners, and sun umbrellas obstruct the ingress and egress to the restaurant from the easternmost parking spaces, where the only two disability parking spaces are located.

17. At all times delineated within this Complaint, during the lunch and dinnertime periods of the day when Plaintiffs have patronized Defendant's Chick-fil-A restaurant, **none of the parking spaces** in the Chick-fil-A parking lot **have been available for use** by disabled individuals including those parking spaces which are designated as disability parking spaces.

18. Plaintiffs have patronized the Chick-fil-A restaurant at 12203 Pines Boulevard prior to instituting this instant action.

19. Prior to Defendant's re-design of the drive-thru lane of the Chick-fil-A restaurant, Plaintiff Erik Cooper was able to park the Cooper's vehicle in one of the two designated disability parking spaces during the lunch and dinner time periods when they patronized the restaurant.

20. However, on September 11, 2019, when Plaintiffs Leslie Cooper, Jack Cooper and Erik Cooper dined at Chick-fil-A, they were unable to park their vehicle in either of two available disability parking spaces due to the redesign of the drive-thru lane and restaurant operations, causing a number of Chick-fil-A employees to block the flow of all vehicle traffic in the parking area while taking customer orders, and due to delineator stanchions and a substantial number of vehicles blocking both of the designated disability parking spaces.

21. After parking their vehicle in another section of the restaurant's parking area, Erik Cooper asked to speak with the owner/manager of the restaurant about the restaurant's operations and the Cooper's inability to access either of two disability parking spaces due to employees taking customer orders, delineator stanchions and drive-thru customers' vehicles blocking vehicle access to the parking area. A restaurant manager offered Erik the business card of Defendant's owner/operator, Nick Christiantiello. Erik filled out a "Chick-fil-A Cares" comment card and deposited the card in the collection box by the entrance door. On September 12, 2019 Plaintiff Erik Cooper, on behalf of Plaintiffs Leslie Cooper, Jack Cooper, and himself, contacted Defendant's representative via email correspondence addressed and submitted to Dan Cathy ("Mr. Cathy"), chairman, president, and chief executive officer of Defendant Chick-fil-A, Inc., and included restaurant owner/operator Nick Christiantiello. Plaintiffs received no response from the Defendants. On September 23, 2019, Plaintiff Erik Cooper, again, on behalf of Plaintiffs Leslie Cooper, Jack Cooper, and himself, sent a second request for reply to Mr. Cathy.

22. On September 24, 2019 Plaintiffs received a reply from a corporate representative of the Defendant[2] stating that the restaurant was "designed in compliance with the ADA, as well as local codes and regulations." The Defendant even suggested, "the local [o]perator for this restaurant has team members outside and available to assist with parking in the [disability]

---

[2] Identified by Defendant as Victor Sanchez, a "senior business consultant."

accessible spaces." Plaintiffs Jack Cooper and Erik Cooper were unable to access any purported "team members" to request assistance to access any of the two disability accessible parking spaces on September 13, 2019 because the que of drive-thru customers' vehicles flowed from the restaurant's drive-thru lane and into the parking lot and beyond. Plaintiff Erik Cooper replied via email to Defendant's email response of the same date and disputed the Defendant's claims.

23. On September 26, 2019, the Defendant's representative[2] responded to Plaintiffs' September 24, 2019 email response and again claimed, "[A]ll Chick-fil-A restaurants are designed in compliance with the ADA, as well as local codes and requirements." The response continued, "Chick-fil-A is reviewing your concerns, and the real estate team has been exploring options to reconfigure the parking lot at the restaurant for some time. While we believe the parking lot is compliant as-is, the volume of customers visiting the restaurant has increased, and changes to the parking lot could provide a more convenient experience for all customers. Chick-fil-A is discussing options with various parties involved, including third parties, in such a large remodel. In the interim, the traffic setup in place at the restaurant allows cars to move through the drive thru efficiently, and restaurant team members are available to assist navigating the parking lot." Plaintiffs respectfully disagree.

24. Defendant's representative failed to directly address the fact that the restaurant's designated parking spaces, while present, were not available to disabled patrons due to the redesign of the drive-thru lane.

25. Denial of access to disability-accessible parking spaces was repeated on Plaintiffs' lunch and dinner time visits on:

>September 23, 2019
>
>September 24, 2019
>
>September 27, 2019
>
>October 1, 2019
>
>October 4, 2019
>
>October 19, 2019
>
>October 26, 2019
>
>October 31, 2019
>
>November 6, 2019
>
>November 11, 2019
>
>December 9, 2019
>
>December 28, 2019
>
>January 1, 2020
>
>January 6, 2020

and continues up until the date of the filing of this action.

26. On November 4, 2019, in order to gain access to the disability parking space via the only routing possible, Erik Cooper waited in the lengthy drive-thru lane. When Erik Cooper approached one of Defendant's representatives, who was taking orders directly from patrons in the drive-thru lane, Erik was told that that he could not park his car in a disability parking space because the disability-accessible parking spaces were "closed."

27. Fig 3 depicts the obstruction caused by Defendant's employees standing within the drive-thru lane taking customers' orders from a line of vehicles waiting in the drive-thru lane for drive-thru 'to go' orders:



Fig. 3

28. Denial of access was repeated on November 6, 2019, November 11, 2019, and again on December 9, 2019 when Plaintiffs again went to patronize the restaurant during the lunch and dinner time periods.

29. As a result of the designated disability parking spaces being blocked, Plaintiffs have suffered by Erik Cooper's being forced to park a substantial distance from the restaurant and navigate portable carts, air conditioners, and sun umbrellas blocking ingress and egress to the restaurant for the disabled trio.

30. Due to the Defendant's actions in redesigning the drive-thru lane which by its redesign blocks the designated disability parking spaces from use by disabled patrons, there are no usable disability parking spaces available at the restaurant particularly during Defendant's promotions and the busy lunch and dinner time periods.

31. Erik Cooper has communicated to the Defendant that he and his parents (Plaintiffs Leslie Cooper and Jack Cooper) are disabled, and that they are permitted to park in the designated disability parking spaces because they each have valid disability parking placards.

32. Plaintiff Erik Cooper has informed Defendant that the redesign of the drive-thru lane has blocked access to the restaurant's designed, labeled, marked, and painted handicapped parking spaces and that such blockage is in violation of the Americans with Disabilities Act ("ADA").

33. Plaintiff Erik Cooper, on his own behalf and on behalf of his parents (Leslie Cooper and Jack Cooper) made repeated and multiple requests to the Defendant to comply with the ADA and to provide access to the disability parking spaces at its restaurant located at 12203 Pines Boulevard.

34. Defendant has disregarded the Plaintiffs' reasonable requests for access to its place of public accommodation and responded with *corporate-speak* indicating it will address the matter "in the future," and other unhelpful and dismissive remarks.

35. Despite repeated requests, Defendant has failed and refused change the routing of its drive-thru lane to allow access to the disability-accessible parking spaces by disabled patrons, as intended. Further, the Defendant has not re-designed its parking lot to create any alternative parking for disabled patrons with meet the specifications delineated within 28 C.F.R. Part 36 Section 4.6.

36. The Defendant has exhibited blatant disregard for the disabled and non-acceptance of the needs of disabled individuals, which is in violation of 28 C.F.R. Part 36 Sections 4.6.1, 4.6.2, and 4.6.3.

37. As a result of the failure of the Defendant to provide Plaintiffs with disability-accessible parking, Plaintiffs have been denied full and equal access to the Chick-fil-A restaurant located at 12203 Pines Boulevard.

38. As a result of the Defendant's discrimination, Plaintiffs have suffered loss of dignity, mental anguish, and other tangible injuries. Each of the Plaintiffs have suffered an injury in fact.

39. Plaintiffs intend to continue to patronize the Chick-fil-A restaurant in the future and will continue to be injured in that each time they patronize the restaurant they will be denied access to adequate parking, which is a violation of the ADA.

40. Plaintiffs have been obligated to retain the law offices of J. Courtney Cunningham, PLLC and have agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiffs are entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

41. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 30 years. As such, all public accommodations and facilities have had adequate time for compliance.

42. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination

|      |        |                                                                                                                                                                                                                                                                                                                                |
|------|--------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|

against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

43. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

44. Pursuant to 42 U.S.C. §12181(7)(B), Defendant's restaurant is a place of public accommodation and is subject to the ADA; therefore, it must be in compliance therewith.

45. Defendant has discriminated against Plaintiffs and other individuals similarly situated who are disabled and have designated disability parking placards, which is in derogation of 28 C.F.R. Part 36.

46. Defendant has discriminated, and continues to discriminate, against Plaintiffs by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendant's Chick-fil-A restaurant as prohibited by 42 U.S.C. §12182 et. seq., by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

47. Plaintiffs have been (and continue to be unable to) enjoy full, equal, and safe access to the accommodations and services offered by Defendant at its restaurant located at 12203 Pines Boulevard.

48. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

49. The Chick-fila-A restaurant located at 12203 Pines Boulevard is in violation of 42 U.S.C. §12181 et seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiffs as a result of inter alia, the specific violations:

i. Failure to provide a minimum number of **usable** accessible parking spaces in violation of 28 C.F.R. Part 36, Section 4.6.1.

ii. Failure to provide a **usable** compliant pathway from **usable** accessible parking spaces to the restaurant located on the shortest route of travel from said accessible spaces to the restaurant, in violation of 28 C.F.R. Part 36, Section 4.6.2.

iii. Failure to provide an adequate number of **usable** accessible handicap parking spaces at the restaurant that comply with the requirements of 28 C.F.R. Part 36, Section 4.6.3;

iv. Failure to provide a **usable** accessible entrance for disabled individuals and/or otherwise provide accessible and properly designated entrances as required by 28 C.F.R. Part 36. Such failure represents insurmountable barriers to independent entry by individuals who use wheelchairs and other assisted devices for mobility.

50. Pursuant to the ADA, 42 U.S.C. §12181 et seq. and 28 C.F.R. §36.304, Defendant has been required to make its restaurant located at 12203 Pines Boulevard and its parking lot accessible to persons with disabilities since 1990. The Defendant has failed to comply with this mandate.

51. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiffs injunctive relief; including an order to alter the commercial property located at 12203 Pines Boulevard, Pembroke Pines, Florida so that it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiffs Leslie Cooper, Jack Cooper and Erik Cooper respectfully pray that this Honorable Court grant the following injunctive and declaratory relief against Defendant Chick-fil-A, Inc. as follows:

a) The Court declare that the Chick-fil-A restaurant located at 12203 Pines Boulevard, Pembroke Pines, Florida which is owned, operated, leased, controlled and/or administered by the Defendant, is violative of the ADA;

b) The Court enter an Order requiring Defendant to alter its commercial property located at 12203 Pines Boulevard, Pembroke Pines, Florida to make it accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

c) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the commercial property located at 12203 Pines Boulevard, Pembroke Pines, Florida;

d) The Court award reasonable attorney's fees and costs to Plaintiffs; and

e) The Court award further relief as it deems necessary, just and proper.

Dated: April 9, 2020.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiffs*